ROY BATES v. STATE.

No. A-8307.    April 16, 1932.
(10 Pac. [2d] 732.)

Wm. T. Powell and Lon Morris & Son, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.    The plaintiff in error, hereinafter referred to as the defendant, was convicted for a second violation of the prohibition laws, and sentenced to pay a fine of $100, and to be imprisoned in the county jail for a term of six months.

The state called R. J. Smith, E. E. Smith, and other witnesses who testified that on the 9th day of November, 1930, they went to the home of Roy Bates, and went into

the house, and E. E. Smith bought two pints of whisky from Roy Bates, paying him $3. On redirect examination, the witness R. J. Smith was asked the following questions, and gave the following answers:

"Q. Mr. Smith, I now hand you what has been marked as state exhibits one and two, and ask you to state what the exhibits are, please? A. Liquor that we purchased from Roy Bates on the 9th day of November, 1930, in Cotton County, Oklahoma. Q. Is this the whisky you purchased from him between 10:30 and eleven o'clock, and for which your son, E. E. Smith, paid $3.00? A. Yes, sir."

The defendant testifying in his own behalf denied he sold these parties any whisky, and called F. D. Allen, who testified he bought the whisky from a fellow who was in the Bates home at the time, and that the defendant did not sell whisky to the witnesses who had testified for the state. He denied that he sold any whisky.

The record shows that R. J. Smith and E. E. Smith had been hired by the sheriff to work in the county to detect men who were violating the prohibition law; that they had been going from county to county; and had been specially hired by the officer to detect and entrap parties violating the prohibition laws.

In this case there is a sharp conflict in the testimony. The testimony on behalf of the state is sufficient to sustain the verdict of the jury.

The defendant has assigned several errors alleged to have been committed, but in his brief only two are argued, the first being that the trial judge erred in not permitting him to cross-examine the state's paid informers, with the view of impeaching them before the jury; second, the defendant's demurrer to the evidence and motion for a di-

rected verdict should have been sustained, for the reason that the state failed to prove venue in this case.

From an examination of the record, the first error complained of is without merit. The court properly restricted the cross-examination to the facts brought out by the state. The second error complained of is not borne out by the record, as the testimony clearly shows that one of the prosecuting witnesses stated that the whisky was bought from the defendant in Cotton county, state of Oklahoma.

Finding no errors in the record sufficient to warrant a reversal, the case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.